THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CIVIL CASE NO. 1:22-cv-00166-MR-WCM

| | |
|---|---|
| CHARLES STURM BUCHANAN II, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | **O R D E R** |
| ) | |
| STEVE (STEPHEN) GEISLER, ) | |
| ) | |
| Defendant. ) | |

**THIS MATTER** is before the Court on the Plaintiff's "Notice of Removal" [Doc. 1].

Because the Plaintiff has paid the required filing fee, the statutory screening procedure authorized under the *in forma pauperis* statute, 28 U.S.C. § 1915(e)(2), is not applicable. Nevertheless, the Court has inherent authority to dismiss a frivolous civil action *sua sponte.* See Ross v. Baron, 493 F. App'x 405, 406 (4th Cir. 2012) (noting that "frivolous complaints are subject to dismissal pursuant to the inherent authority of the court, even when the filing fee has been paid") (citing Mallard v. United States Dist. Ct., 490 U.S. 296, 307-08 (1989)).

In the present case, the Plaintiff Charles Sturm Buchanan II purports to remove a civil action from a state court case originating in Meigs County, Ohio, Case No. 22-cv-019, on the grounds of diversity jurisdiction. The Plaintiff's Notice of Removal, however, fails to show that removal is proper in this case. The federal removal statute permits only defendants to remove civil actions. See 28 U.S.C. §1441(a) ("any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by *the defendant or the defendants*") (emphasis added). As Mr. Buchanan appears to be the Plaintiff in the state action,[1] he cannot remove the action to federal court.

Even if Mr. Buchanan were a defendant in the underlying state court action, his notice of removal is still improper. A notice of removal must be filed in "the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a); see also 28 U.S.C. § 1446(a). Thus, in order to remove this state civil action

---

[1] Mr. Buchanan identifies himself as the Plaintiff in the Notice of Removal. It is unclear whether he is the Plaintiff in the state court action, as he failed to attach any state court pleadings to his Notice of Removal, as required by 28 U.S.C. § 1446(a).

to federal court, the removing party must first file a notice of removal with the appropriate federal district court in the State of Ohio.[2]

**IT IS, THEREFORE, ORDERED** that this matter is hereby **REMANDED** to the appropriate state court in Meigs County, Ohio, for such further proceedings as may be required.

The Clerk of Court is respectfully directed to close this case and to provide a copy of this Order to the Clerk of Courts for Meigs County, Ohio, 100 East Second Street, Suite 303, Pomeroy, Ohio, 45769.

**IT IS SO ORDERED.**

Signed: September 25, 2022

Martin Reidinger
Chief United States District Judge

---

[2] Upon removal to the appropriate district court, the defendant may seek a transfer of venue to this District under 28 U.S.C. § 1404(a). The Court expresses no opinion as to whether such a transfer of venue is appropriate in this case.

3